IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIONEL LEE PRINCE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. ELH-21-514 |
| WARDEN RONALD S. WEBER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

***

## MEMORANDUM

Lionel Lee Prince filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2018 conviction for first-degree assault, armed robbery, and related charges in the Circuit Court for Howard County, Maryland. ECF 1. Prince alleges that: (1) defense counsel was ineffective for failing to consult a cell data expert and failing to move for a mistrial; (2) the trial court erred in failing to declare a mistrial; and (3) the prosecution relied upon improper evidence at sentencing. ECF 3.

In response to the Petition, Respondents filed a Limited Answer, arguing that although two of Prince's claims have been exhausted on direct review, his claim alleging ineffective assistance of counsel is unexhausted and should be raised in a state post-conviction proceeding. ECF 9. Respondents argue that Prince's "mixed" Petition cannot be adjudicated in its current state and, in any event, abstention by this court is appropriate as Prince might still obtain relief from a state court. *Id.* at 12-13. Thus, Respondents urge the court to dismiss the Petition, without prejudice. *Id.* at 13.

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through

remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a Petition for Writ of Certiorari. *See* Md. Code, Cts. & Jud. Proc. Article ("C.J."), § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* C.J. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, petitioner must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11, 438 A.2d 1301, 1305-06 (1981).

Prince must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams*, 292 Md. at 210-11, 438 A.2d at 1305-06.

Prince must also comply with a one-year filing deadline to file a petition with this court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d). It provides:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Prince is forewarned that the one-year filing deadline begins to run on the date his conviction is final. However, the one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Prince has to seek federal habeas corpus review.

The Court of Special Appeals of Maryland affirmed Prince's convictions on direct appeal. ECF 9-1 at 92.  Prince subsequently filed a Petition for Writ of Certiorari, which the Court of Appeals of Maryland denied on July 24, 2020.  *Id.* at 95.  It does not appear that Prince sought further review in the United States Supreme Court and, therefore, his judgment of conviction became final for direct appeal purposes on October 22, 2020.  *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari to be filed within 90 days of the date of judgment from which appeal is sought).  Assuming that Prince mailed his Petition to this Court after he signed it on February 20, 2021, 121 days have elapsed.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).  Thus, 244 days would remain with regard to the one-year statute of limitations.

Here, Respondents assert that Prince's ineffective assistance argument is unexhausted and subject to state corrective process as Prince has yet to initiate a proceeding under Maryland's Uniform Postconviction Procedure Act.  ECF 9.  Prince is advised that should he waive consideration of this apparently unexhausted claim and request that this Court proceed with review of his entire Petition, he would be barred from bringing a second petition asserting the unexhausted ineffective assistance claim.  This holds true even if Prince returns to state court to exhaust it, as he may file a second federal habeas corpus petition only if he has moved the appropriate federal circuit court for an order authorizing this court to consider the application.  *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

In light of the foregoing, I shall grant Prince twenty-eight (28) days from the date of this Order to reply and to advise the court of how he wishes to proceed.  He may proceed by: 1) waiving consideration of the ineffective assistance claim, recognizing that he may not later bring the now unexhausted claim without permission from the Court of Appeals for the Fourth Circuit; or 2) he

may have this Court dismiss the entire Petition, without prejudice, so that he may await the conclusion of post-conviction review in state court, with the caveat that he may be barred from consideration of any of his claims by this court in the future if he is unable to complete state court review and return for federal habeas review in a timely manner. If Prince does not contact the Court within the time allotted, the Petition shall be dismissed, without prejudice, and subject to refiling.

    An Order follows.

Date: June 14, 2021                                                                              /s/
                                                                              Ellen L. Hollander
                                                                              United States District Judge