IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIONEL LEE PRINCE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. ELH-21-514 |
| WARDEN RONALD S. WEBER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

The court received Petitioner Lionel Lee Prince's Petition for Writ of Habeas Corpus on February 26, 2021, challenging his 2018 conviction in the Circuit Court for Howard County, Maryland, for first-degree assault, armed robbery, and related charges. ECF 1. Prince later supplemented the Petition, claiming that: (1) defense counsel was ineffective for failing to consult a cell data expert and failing to move for a mistrial; (2) the trial court erred in failing to declare a mistrial; and (3) the prosecution relied upon improper evidence at sentencing. ECF 3. Respondents filed a limited answer arguing that although two of Prince's claims have been exhausted on direct review, his claim alleging ineffective assistance of counsel is unexhausted and should be raised in a state post-conviction proceeding, which Prince has not yet initiated. ECF 9.

By Memorandum and Order dated June 14, 2021, the court granted Prince the opportunity to respond to Respondents' allegations. ECF 10, ECF 11. He was forewarned that failure to contact the court within the time allotted would result in dismissal of the Petition. ECF 10 at 5. Prince filed nothing further.

For the reasons that follow, Prince's Petition shall be dismissed, without prejudice.

**Discussion**

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254 that challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Under § 2254, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). As this court previously informed Prince, the exhaustion requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider it. *See* ECF 10. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim through post-conviction proceedings, Prince must raise it in a post-conviction petition filed in the Circuit Court for Howard County and, if unsuccessful, must also be raised in an application to the Maryland Court of Special Appeals for leave to appeal. *See id.*; Md. Code, Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code, Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Prince must file a petition for writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 438 A.2d 1301, 1305 (1981).

Prince must also comply with a one-year filing deadline to file a habeas petition with this court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[1] Prince is forewarned that the

---

[1] This section provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

2

one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Prince has to seek federal habeas corpus review.

Because Prince has yet to exercise his right to a state post conviction proceeding, he can exhaust his claims in state court and return to federal court. He is well within the limitations period under the Maryland Uniform Postconviction Procedure Act, Md. Code, Crim. Proc. §§ 7-101 *et seq.*, to file a post-conviction petition no later than ten years after the imposition of his sentence. Moreover, the one-year limitations period in which to file a federal habeas petition has not yet expired, as it did not begin to run until Prince's convictions "became final by the conclusion of

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

direct review," 28 U.S.C. § 2244(d)(1)(A), which occurred on October 22, 2020, or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari. *See* ECF 9-1 at 95; Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

The instant Petition will therefore be dismissed, without prejudice, to provide Prince adequate time and notice to comply with both the exhaustion and filing deadline requirements. Prince will be sent forms and an information packet for filing a § 2254 Petition if he decides to do so after he exhausts his remedies in state court.

### Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Prince fails to meet this standard and a Certificate of Appealability shall not issue.

### Conclusion

For the foregoing reasons, the Petition is DISMISSED, without prejudice. The court declines to issue a Certificate of Appealability. A separate Order follows.

July 27, 2021  /s/
Date  Ellen L. Hollander
  United States District Judge